IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA GEORGE AUSTIN           :    CIVIL ACTION
                               :
     v.                        :
                               :
BENSALEM TOWNSHIP, et al.      :    NO. 07-cv-1540-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                       July 11, 2007

        Plaintiff is suing Bensalem Township and various of its police officers for violating her civil rights.  Her 157-paragraph complaint sets forth the alleged facts in excruciating detail.  In apparent total disregard of the notice-pleading concept embodied in the Federal Rules of Civil Procedure, plaintiff's counsel filed a complaint which would serve as a trial brief, with overtones of a speech to the jury.

        Notwithstanding the excessive information provided by the complaint, the defendants have seen fit to file a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  Defendants assert (1) plaintiff cannot sue for negligence, because of Pennsylvania's Political Subdivision Tort Claims Act; (2) plaintiff cannot recover punitive damages against the defendant Township or any of the individual defendants acting in their official capacities; (3) plaintiff will not be able to establish a basis for <u>Monell</u> liability; and (4) plaintiff does not have a valid claim under state law for intentional infliction of

emotional distress. Defendants' contentions are valid, to a very limited extent. Since plaintiff's claims are not based upon negligence, but upon intentional conduct, the Political Subdivision Tort Claims Act has no significant bearing on this case. Obviously, plaintiff cannot recover punitive damages from the defendant Township or from any of the defendants acting in their official capacities, but she is suing the individual defendants in their individual capacities. Plaintiff made the requisite allegations of "pattern or practice" for the imposition of <u>Monell</u> liability; whether she will be able to prove such liability is a matter to be resolved at trial.

Finally, the facts set forth in the complaint, if established at trial, would warrant the imposition of damages for emotional distress. The inclusion of a separate count for "intentional infliction of emotional distress" is mere surplusage. I note, further, that the only additional fact alleged in the emotional-distress count (Count VI) – i.e., in addition to the facts surrounding the alleged constitutional violations – is that, after the alleged constitutional violations occurred, the defendants waited some six months before filing criminal charges against plaintiff. I am not persuaded that a delay in asserting criminal charges constitutes a basis for imposing liability upon any of the defendants.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA GEORGE AUSTIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BENSALEM TOWNSHIP, et al. | : | NO. 07-cv-1540-JF |

ORDER

AND NOW, this 11th day of July, 2007, upon consideration of defendants' motion to dismiss, and plaintiff's response, IT IS ORDERED:

1. Count VI of plaintiff's complaint is DISMISSED.

2. Plaintiff cannot recover punitive damages from the defendant Township, or from any of the defendants in their official capacities.

3. In all other respects, defendants' motion is DENIED.

4. Because of the prolix nature of plaintiff's complaint, the defendants need not respond separately to each paragraph of the complaint but, in their answer, may simply summarize which allegations they admit, and which allegations they deny.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.